# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LYNETTE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-01366-JAR |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for a more definite statement, pursuant to Rule 12(e). ECF. No. 7. For the reasons set forth below, the motion will be granted.

## BACKGROUND

On or about September 10, 2024, Plaintiff filed this action in state court, listing multiple potential causes of action without factual support in the complaint. Defendant removed the action to this Court and filed the instant motion for a more definite statement.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P.

12(e).  "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action."  *Bay Industries, Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006).

"Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored."  *McCoy v. St. Louis Public Schools*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011).  However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding."  *Pfitzer v. Smith & Wesson Corp.*, 4:13-CV-676-JAR, 2014 WL 636381, at *1 (E.D. Mo. Feb. 18, 2014).  "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable."  *Id.*

The Court finds Defendant's Rule 12(e) motion meritorious.  Plaintiff's complaint omits basic facts necessary for Defendant to prepare an answer and identify potential procedural issues and possible defenses.

Plaintiff must file an amended complaint on the Court's Civil Complaint form, which will be provided to her.  *See* E.D. Mo. L.R. 2.06(A).  Plaintiff is advised that the amended complaint will replace the original complaint.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Plaintiff must prepare the amended complaint in accordance with the Federal Rules of Civil Procedure, including Rules 8 and 10. In the caption of the Civil Complaint form, Plaintiff must write Defendant's name. Fed. R. Civ. P. 10(a). In the "Statement of Claim" section, Plaintiff must set out a short and plain statement of her claim or claims. Fed. R. Civ. P. 8(a)(2). Plaintiff must set out her claim or claims in a simple, concise, and direct manner, and she must allege facts to support every claim she asserts. Fed. R. Civ. P. 8(d)(1).

Plaintiff's factual allegations must explain Defendant's role in each claim, so that Defendant will have notice of what Plaintiff is accusing it of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). In other words, simply listing the name of a claim is not enough. The Statement of Claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must set out her allegations in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names more than one defendant, she should only include claims that arise from the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion for a more definite statement is **GRANTED**.  ECF No. 7.  **Plaintiff shall file an amended complaint no later than November 25, 2024.**

Dated this 1st day of November, 2024.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE