# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LYNETTE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-01366-JAR |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. For the reasons set forth below, this action will be dismissed.

## BACKGROUND

On or about September 10, 2024, Plaintiff Lynette Jackson, who is proceeding in this matter without the assistance of counsel, filed this action in state court. Defendant Hartford Life and Accident Insurance Company removed the action to this Court and filed a motion for a more definite statement [ECF No. 7]. The Court granted the motion and directed Plaintiff to file an amended complaint no later than November 25, 2024 [ECF No. 11]. The Court warned Plaintiff that failure to timely and fully comply with the order may result in dismissal of the action. On January 3, 2025, Plaintiff filed a "Memorandum for Clerk" which the Court has construed as an amended complaint, without seeking an extension of time from the Court [ECF No. 12]. On January 15, Defendant filed a motion to dismiss or alternatively motion to clarify [ECF No. 13].

Plaintiff subsequently filed a motion for summary judgment [ECF No. 14], a motion for appointment of counsel [ECF No. 15], and a motion for hearing [ECF No. 16]. Defendant then filed a motion for dismissal and to strike Plaintiff's motion for summary judgment [ECF No. 17].

On March 5, 2025, Plaintiff filed a motion for an extension to respond [ECF No. 18]. The Court granted Plaintiff's motion and allowed an additional fourteen days to respond [ECF No. 19]. On March 11, Plaintiff filed a response to Defendant's motion [ECF No. 20]. On March 21, Plaintiff filed a motion for an extension to file an amended complaint [ECF No. 22]. Defendant then filed a response in opposition to Plaintiff's motion [ECF No. 23]. On April 9, Plaintiff filed a motion to admit certain recordings of phone calls as evidence [ECF No. 25], to which Defendant also filed a response in opposition [ECF No. 26].

## DISCUSSION

Plaintiff failed to comply with the Court's order to file an amended complaint by November 25, 2024. On that basis alone, the Court may dismiss this action pursuant to Federal Rule of Civil Procedure 41(b), which allows for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Plaintiff is not exempt from complying with the Court's orders or other applicable rules because she is without the aid of counsel. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

Furthermore, on January 3, 2025, without having requested an extension, Plaintiff filed a "Memorandum for Clerk" which the Court has construed as an attempted amended complaint. Plaintiff did not file the amended complaint on the Court's Civil Complaint form as directed in the Court's order. The Court also ordered Plaintiff to set out her allegations in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). However, in the amended complaint, Plaintiff did not number her paragraphs and multiple allegations and circumstances were set out in a single paragraph. Plaintiff failed to set out her claims in a simple, concise, and direct manner, and neglected to allege facts to support every claim she asserts. Fed. R. Civ. P. 8(d)(1).

Plaintiff's motion for summary judgment and motions for appointment of counsel and for a hearing are unsupported by any facts. Plaintiff filed nearly identical motions for summary judgment in at least two other related actions litigated in this District. *See Jackson v. American Water Utility*, 4:24-cv-01352-HEA; *Jackson v. Utility Workers of Am., Local 640*, 4:24-CV-01298 CDP. Those actions were dismissed for failure to comply with a court order and for failure to state a claim, respectively.[1] Likewise, here, Plaintiff's motion does nothing to cure the numerous deficiencies of her filings. Rather, Plaintiff's motion further obscures her allegations and accuses defense counsel of engaging in unethical behavior and misconduct in removing this action. Moreover, in her motions for appointment of counsel and for a hearing, Plaintiff does not put forward any supporting arguments concerning their merits.

Having granted Plaintiff extensions of time previously, the Court will deny Plaintiff's motion for an extension of time to amend her complaint filed on March 21. The Court has construed Plaintiff's January 3 filing as an amended complaint (albeit filed out of time). Plaintiff has repeatedly failed to cure deficiencies in her previous filings. Based on this history, it would be futile to continue entertaining further amended complaints. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) ("A district court may appropriately deny leave to amend "where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.") (internal citation and quotation marks omitted).

---

[1] Plaintiff, proceeding *pro se*, has a history of filing actions in this District. *See Jackson v. American Water Co.*, 4:20-CV-314 PLC (transferred to the Southern District of Illinois); *Jackson v. American Water*, 4:16-CV-1617 RLW (ordered dismissed).

Finally, Plaintiff's motion to admit certain recordings of phone calls as evidence is improper at this stage, as Plaintiff's motion for summary judgment and Defendant's motions to dismiss were pending at the time it was filed. And like Plaintiff's other filings, it is not clear how the perplexing allegations in the motion relate to any potential civil claims against Defendant.

At no point in Plaintiff's filings is there "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Despite many opportunities to remedy the issue, Plaintiff's amended complaint and subsequent filings still omit the basic facts necessary for Defendant to prepare an answer and identify potential procedural issues and possible defenses. Plaintiff's factual allegations do not explain Defendant's role in each claim, so that Defendant will have notice of what Plaintiff is accusing it of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Because Plaintiff failed to timely and fully comply with the Court's previous order [ECF No. 11] and failed to state any plausible claim upon which relief can be granted, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); 12(b)(6).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss [ECF No. 13] is **GRANTED**, and this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot [ECF Nos. 14, 15, 16, 17, 22, and 25].

A separate Judgment will accompany this Memorandum and Order.

Dated this 9th day of July, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE